IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Solar Sky Construction Company**<br>Helmand Province<br>Lashkargah City, Afghanistan | Case No. 18-31 |
| **Ahmadullah Waziry**<br>Helmand Province<br>Lashkargah City, AFGHANISTAN | **Complaint for Breach of Contract**<br><br>**Jury Trial Demanded** |
| *Plaintiffs*,<br>vs. | |
| **Dover Vantage, Inc.**<br>3422 Old Capitol Trl Ste 1579<br>Wilmington, DE  19808-6124 | |
| **Dover Global Management Ltd.**<br>305 SHAMS 4, JBR<br>DUBAI, UAE | |
| **Dover Construction Company**<br>Address unknown | |
| **Dover Technical Services Group**<br>Level 41, Emirates Towers<br>P.O. Box 31303<br>Dubai, UAE | |
| **Dover Vantage Company**<br>Middle East operations:<br>JAFZA PO Box 263262<br>Dubai UAE | |
| **MAG Services Group**<br>13580 Groupe Drive, Suite 200<br>Woodbridge, VA 22192 | |
| **Momentum Solutions**<br>1246 Yonge St. Suite 300<br>Toronto, Ontario M4T 1W7<br>CANADA | |
| 2404 Saba 1 JLT | |

Dubai, UAE 31303
**Micheline Lauzon a/k/**
**Micheline Pollock**
40 Rue De La Cite-Jardin
Gatineau QC J8T 0A9 CANADA

**David Pollock**
13580 Groupe Drive, Suite 200
Woodbridge, VA 22192

*Defendants*.

## Summary of the Action

This is a complaint for breach of contract.  Plaintiffs Ahmadullah Waziry and Solar Sky Construction Company complain that Defendants, after repeatedly lulling Plaintiffs by promises of payment and satisfaction, breached contractual obligations to pay for goods and services delivered to forward observation posts in The Islamic Republic of Afghanistan garrisoned by U.S. service men and women.

## Jurisdiction and Venue

The jurisdiction of the United States District Court for the District of Columbia is warranted under 28 U.S. Code § 1332 (a)(2) as the matter in controversy exceeds $75,000.00 involves residents of the United States of America and citizens of The Islamic Republic of Afghanistan.  There exists complete diversity of citizenship between and among the Parties.

Venue is proper in the United States District Court for the District of Columbia under 28 U.S. Code § 1391 (b) as Defendants regularly transact business in the District of Columbia, travel to, or send communications into the District of Columbia.

The obligations and liabilities between and among Plaintiffs and Defendants are governed by the law of the place of performance of the contract, The Islamic Republic of Afghanistan.

**Factual Allegations**

1. In July 2010, "Dover Global Management, Inc." entered into a $71,000.00 contract with Sunny Waziry for front end loaders. The Contract was negotiated with Chris Tucker who, though identifying himself as "admin dover global" sent the contract with Waziry using the personal email account wormtailbot18@yahoo.com.

2. On or about August 4, 2010, Dover Global Management entered into a purchase order for six water trucks for $28,000.00 with Sunny Waziry's company Solar Sky Construction Co. ("SSCC"). The purchase order was forwarded by Gary Cortez Calubayan who identified himself as an administrative assistant for Dover Global Management, Inc. However, Mr. Calubayan communicated with Mr. Waziry using a personal email address of garycalubayan@gmail.com and acj1370@yahoo.com.

3. On or about July 15, 2011, SSCC received notice that Dover Vantage Company was paying the bills for Dover Technical Services Group.

4. On August 27, 2010, SSCC sent an invoice for two front end loaders, two water trucks, plus transportation for $37,000.00 to, as instructed, "Dover Construction Company."

5. On September 9, 2010, SSCC sent a $20,000.00 invoice for one front end loader and two trucks to "Dover Construction Company" (as instructed).

6. On September 25, 2010, SSCC entered into an additional Equipment and Vehicle Lease contract with Dover Technical Services for the provision of four water trucks for use at Camp Deleram, Afghanistan for $18,000.00.

7. Forward Operating Base Deleram in Afghanistan is a military expeditionary base built by the United States Marine Corps. It is located on the Ring Road in Deleram. It was transferred to the Afghan National Army in April 2014.

8. On October 10, 2010, SSCC entered into a "Equipment and Vehicle Lease" contract to provide four water trucks for $19,000.00 with Dover Technical Services Group. This contract was for the lease of vehicles for use at Camp Deleram, Afghanistan.

9. On October 10, 2010, SSCC sent a $4,000.00 invoice for one water truck to, as instructed, "Dover Construction Company."

10. On October 21, 2010, SSCC sent a $20,000.00 invoice for one front end loader and two water trucks to, as instructed, "Dover Construction Company."

11. On November 3, 2010, SSCC entered into a "Statement of Work" commitment with Dover Technical Service Group. On information and belief, this Statement of Work relates back to the October 10, 2010 Equipment and Vehicle Lease contract.

12. On December 10, 2010, SSCC sent an invoice for $19,000.00 for four water trucks to, as instructed, Dover Construction Company.

13. On January 10, 2011, SSCC sent an invoice for $19,000.00 for four water trucks, as instructed, Dover Construction Company.

14. On February 6, 2011, SSCC sent an invoice for $11,200.00 for the delivery gravel and sand to Camp Deleram.

15.     On May 30, 2011, Dover Technical Services generated a purchase order of $11,200.00 for delivery to Camp Leatherneck.

16.     Camp Leatherneck is a 1,600 acre Afghan Armed Forces base in Helmand Province, Afghanistan.  The site is mostly in Washir District and is conjoined with Camp Bastion, the main British military base in Afghanistan.  Control of the site was transferred from the International Security Assistance Force (ISAF) to the Afghan Armed Forces on October 26, 2014.

17.     On June 1, 2011, SSCC sent an invoice for $3,600.00 for three truck tires, four truck batteries, and two water pumps to, as instructed, Dover Construction Company.

18.     On June 2, 2011, Felizardo Solano of Dover Technical Services Group made the following request of SSCC.  He asked as follows:

> Will it be okay for you if we ask for an invoice for these materials so that we can generate a PO and have the payment transferred to your account? Itemized, the cost will be:
> • 60 meters 10mm Steel Cable, $10 USO per meter = $600 USO
> • 20 gallons Paint Thinner, $30 USO per gallon - $600 USO
> • TOTAL Cost - $1,200 USO
> If it is alright with you to have these items paid through your bank account, then please go ahead purchase these and give us the invoice for them, so that we can arrange payment with our Finance Department.  Your response would be much appreciated.

19.     On June 5, 2011, Dover Technical Services Group generated a purchase order of $600.00 for paint thinner for "Delaram II" identifying "Sunny Waziry as the vendor.

20.     On June 6, 2011, Jesus N. Figueroa, Jr. of Dover Technical Services Group signed a "received" receipt for paint thinner and steel rope.

21. On June 9, 2011, Dover Technical Services Group generated a Purchase Order for 250 cubic meters of 5mm sand to be delivered to Antonius Louie Del Mundo for $2,250.00. Dover Technical Services Group identified the vendor as Sunny Waziry.

22. On June 9, 2011, Dover Technical Services Group generated a Purchase Order for 250 cubic meters of 5mm and 4,000 bags of cement to be delivered to Antonius Louie Del Mundo for $34,250.00. The vendor identified in the purchase order as Sunny Waziry.

23. On June 12, 2011, Dover Technical Services Group generated a bank transfer receipt for $2,000.00 for 100 gallons of "blue water."

24. On June 13, 2011, Dover Technical Services Group generated a Purchase Order for $2,000.00 for the delivery of 200 liters of blue water solution at "Delaram II."

25. SSCC sent "Dover Construction Company" an invoice for $4,250.00 for the June 13, 2011 delivery of 200 liters of water at $10.00 per liter ($2,000.00) and 250 cubic meters of sand at $9.00 per cubic meter for $2,250.00.

26. SSCC sent a delivery notification to "Dover TS" for 200 liters of blue water at $10.00 for $2,000.00.

27. Dover Technical Services created a Purchase Order on July 7, 2011 for 34 4" elbow PCV pipes for $310.00 for vendor SSCC. SSCC generated an invoice for this same quantity of pipe and price on the same day.

28. On or about July 15, 2011, Mr. Waziry made inquiries regarding unpaid invoices for the goods and services provided. The return message he received was from Tammy James yet she identified herself as being "General Manager" of "Dover Vantage Company Middle East operations."

29. In subsequent correspondence between Mr. Waziry and those to whom he and SSCC had provided goods and services with respect to unpaid invoices, "Dover Vantage Company" morphed into begin identified as "A Dover Vantage Company Middle. East operations: JAFZA PO Box 263262 Dubai UAE."

30. Thus, by July 2011, for the same stream of contracted-for goods and services, SSCC and Mr. Waziry remained constant, yet their counterparts varied continuously including "Dover Global"; "Dover Global Management, Ltd."; "Dover Construction Company"; "Dover Technical Services Group"; "Dover Vantage Company"; and "a Dover Vantage Company."

31. From October to November 2011, SSCC communicated with Tammy and Mary Jean P. Matildo, "Accounts Assistant" at "A Dover Vantage Company" who used the email address of Finance@dvantagecorp.com.  A November 27, 2011 email typified the responses to Mr. Waziry and SSCC regarding unpaid invoices. It stated, "Yes we will review all these invoices and get back to you for update. As regards the latest invoices, we already processed the same for payment. We'll let you know as soon as payments are transferred."

32. On or about December 13, 2011, SSCC/Waziry no longer received communications from Tammy, Jean or Finance@dvantagecorp.com; instead, he communicated directly with Micheline Lauzon.

33. As recently as 2016, Micheline Lauzon has publicly identified herself as Executive Director Dover Vantage, Corporation.

34. Micheline and David Pollock co-founded Dover Vantage in 2008 delivering Base Operation Support and Infrastructure Services throughout Southern Afghanistan and

then expanded to Africa in 2011 by successfully winning 4 USACE MATOC contracts for AFRICOM in East, West and North Africa.

35. In communicating with Waziry and SSCC regarding unpaid invoices, Micheline Lauzon used the email address of michelineanddave@gmail.com.

36. On information and belief, Micheline Lauzon is one and the same person as Micheline Pollock.

37. Though Executive Director Lauzon made many promises to pay SSCC/Waziry's invoices, an unpaid balance of $50,000.00 was never paid.

38. During the course of January 2012, SSCC/Waziry repeatedly requested payment from Lauzon and, later, Dover owner David Pollock.

39. Lauzon and David Pollock repeatedly acknowledged the debt yet repeatedly failed to pay the $50,000.00 owed to SSCC/Waziry.

40. On March 29, 2016, Dover Vantage Inc. was acquired by MAG Services Group.

41. On information and belief, Dover Vantage has been assimilated into MAG Services Group yet continues as a division within MAG Services Group.

42. Previous Dover Vantage owners Micheline Pollack and David Pollack assumed the roles of Chief Executive Officer and Chief Operations Officer, respectively, of MAG Services Group. According to public statements, David Pollack was "continuing his role" as COO.

43. MAG Services Group is a member of MAG Global. MAG Services Group is an independent, privately owned company established in 2009 to provide engineering, infrastructure, and services in Afghanistan supporting both Coalition and US Military Forces.

MAG Services Group describes itself as having "a successful track record in project delivery and over 50 US Government contracts delivered in the region, the company, headquartered in Dubai, now operates in 11 different countries throughout MENA, East and West Africa."

44.     Momentum Services is a US registered affiliate of Momentum Solutions, a Canadian registered and owned company headquartered in Toronto, Canada. Momentum Solutions has identified MAG Services Group as one of its affiliates.

45.     In March 2017, Waziry flew to Dubai, UAE to confront David Pollack, owner of Dover.

46.     David Pollock deliberately misled Waziry about the location of Dover's office in order to avoid having to meet with him about the oustanding debt. When Mr. Waziry, using his own resources, identified the Dover office location, he was able to address Mr. Pollock directly about the outstanding debt. At that time, Mr. Pollock informed Mr. Waziry that Dover had been purchased by MAG yet, in exchange for Waziry and SSCC not filing suit to collect the debt, he would review the contract documents and invoices and investigate the missing payment.

47.     Though David Pollock initially promised to look into the issue of SSCC/Waziry's missing $50,000.00, Mr. Pollock later took a more confrontational approach. Mr. Pollock taunted Mr. Waziry by telling him that Dover no longer existed and that he would no longer have recourse against Dover for payment. To facilitate future communication, Mr. Pollock gave Mr. Waziry his new email address: reach@magsg.com.

### Equitable Tolling of the Statute of Limitations

48.     Any statute of limitations that might otherwise bar SSCC or Waziry's claims against Defendants should be tolled. Factors relevant to equitable tolling include:

a. Repeatedly lulling Mr. Waziry into believing that payment on the outstanding debt was imminent – a method that was used to wait out his claim and avoid payment alltogether.

b. The abuse by Defendants Pollack; Micheline Lauzon and the corporate defendants of the corporate form that allowed them to hide from the liabilities incurred to SSCC and Mr. Waziry.

c. The false statements made to Waziry by David Pollock regarding the effect of the acquisition of Dover Vantage, Inc. by MAG Services Group with respect to the lack of recourse for the debts owed to SSCC/Waizry.

**Factors Relevant to Piercing the Corporate Veil between and Among the Various Corporate Defendants and Imposing Joint and Several Liability**

49. Because of their abuse of the corporate form, Defendants should be held joint and severally liable on the debt sought to be recovered. Factors relevant to piercing the corporate veil include:

a. The deliberate obfuscation by Defendants of the identity of the counterparty beneficiary of the goods and services provided by SSCC and Mr. Waziry.

b. Defendants deliberate manipulation of the fact that English is not Mr. Waziry's native language and the abuse of the disparity of power brought by Mr. Waziry's difficulty in understanding that the various corporate entities purported to represent different corporate personalities.

c. The abuse by Defendants Pollack; Micheline Lauzon and the corporate defendants of the corporate form that allowed them to hide from the liabilities incurred to SSCC and Mr. Waziry.

## Count I
Breach of Contract

50. Plaintiffs SSCC and Mr. Waziry incorporate the allegations of Paragraphs 1 through 49 into the allegations of Count I as if fully pled herein.

51. Defendants have breached their contract with SSCC/Waziry by failing to pay outstanding invoices totalling $50,000.00.

52. As a consequence of Defendants failure to pay the $50,000.00 in damages, Plaintiffs have suffered additional injury including damage to business reputation, consequential damages stemming from Plaintiffs' inability to pay its suppliers and employees – for which Plaintiffs are now liable.  Such consequential liabilities now total in excess of $100,000.00.

53. Plaintiffs pray that the Court will enter judgment against Defendants in an amount to be proven at trial yet not less than the $50,000.00 in debt and $100,000.00 in consequential damages suffered.

54. Plaintiffs pray that the Court enter any other order or grant any other relief that is necessary for complete justice to be realized.

Respectfully submitted this January 4, 2018.

        /s/ Joseph A. Hennessey
        Joseph A. Hennessey, Esq.
        The Law Office of Joseph Hennessey, LLC
        2 Wisconsin Circle, Suite 700
        Chevy Chase, Maryland  20815
        Telephone: (301) 351-5614
        Email: Jhennessey@jahlegal.com

## **JURY DEMANDED**

Plaintiffs hereby demand a trial by jury of this action.

/s/ Joseph A. Hennessey
Joseph A. Hennessey

Thursday, January 04, 2018